Michael A. Siddons
Attorney ID #017592008
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | | |
|---|---|---|
| | : | |
| DONNA IVERY, | : | |
| Plaintiff, | : | Civil Case No.: 2:19-cv-4846 |
| vs. | : | |
| ADT, LLC d/b/a ADT SECURITY SERVICES and DEFENDERS, INC., | : | |
| d/b/a PROTECT YOUR HOME, | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFF'S COMPLAINT

Plaintiff, DONNA IVERY ("Plaintiff"), through her attorneys, alleges the following against Defendants, ADT, LLC d/b/a ADT SECURITY SERVICES ("ADT") and DEFENDERS, INC. d/b/a PROTECT YOUR HOME ("ADT" and "Defenders" respectively and "Defendants" collectively):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

3. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the Borough of Edgewater, Bergen County, State of New Jersey.

6. Defendant, ADT, is a Delaware-organized limited liability company and security services business headquartered in the City of Boca Raton, Palm Beach County, State of Florida.

7. Defendant, Defenders is an Indiana business corporation and security services business headquartered in the City of Indianapolis, Marion County, State of Indiana.

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

9. Each Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendants' businesses includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and in concert with each other.

## FACTUAL ALLEGATIONS

12. Defendants are attempting to collect a debt allegedly owed by Plaintiff in connection with a home security services account.

13. Within the past four (4) years of Plaintiff filing this Complaint, Defendants began calling Plaintiff in an attempt to collect the alleged debt.

14. During the above-referenced timeframe, Defendants also sent Plaintiff text messages.

15. A text message is a "call" as defined by the TCPA.  *E.g., Satterfield v. Simon & Schuster*, Inc., 569 F.3d 946, 953 (9th Cir. 2009).

16. The terms call, calls, called, and calling used herein also includes text messages.

17. Defendants call Plaintiff on Plaintiff's cellular telephone at xxx-xxx-0445 in an attempt to collect the alleged debt.

18. Defendants call Plaintiff from several telephone numbers, including 201-660-1110, 410-696-7716, and 201-383-2583, which are just a few of Defendants' telephone numbers.

19. On several occasions since Defendants began calling Plaintiff, including in March 2018, May 2018, and August 2018, Plaintiff spoke with Defendants' collectors.

20. During the above-referenced telephone conversations, Plaintiff told Defendants to stop calling her.

21. On November 2, 2018, Plaintiff, by way of her counsel, sent a cease-and-desist letter to Defendant, ADT. (A true-and-correct copy is attached hereto as Exhibit A).

22. Despite Plaintiff's requests for the Defendants to stop calling her, Defendants continued

to call Plaintiff unabated.

23. Prior to calling Plaintiff's cellular telephone, Defendants knew the number was a cellular telephone number.

24. Defendants have never had Plaintiff's prior express consent to call her cellular telephone with an automatic telephone dialing system.

25. Even if Defendants somehow had Plaintiff's consent, such consent was revoked as described above.

26. Defendants continued to call Plaintiff's cellular telephone after Defendants knew Plaintiff wanted the calls to stop.

27. Within four (4) years of Plaintiff filing this Complaint, Defendants used an automatic telephone dialing system to call Plaintiff's cellular telephone.

28. When Plaintiff answered Defendants' calls, she was sometimes greeted with "dead air" whereby no person was on the other end of the line.

29. When Plaintiff answered Defendants' calls, she was sometimes greeted with a message spoken by a pre-recorded or artificial voice.

30. Defendants have left Plaintiff voicemail messages spoken by a pre-recorded or artificial voice.

31. The telephone dialer system Defendants used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

32. The telephone dialer system Defendants used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

33. The telephone dialer system Defendants used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

34. The telephone dialer system Defendants used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

35. The telephone dialer system Defendants used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

36. The telephone dialer system Defendants used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendants.

37. The telephone dialer system Defendants used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

38. Defendants' calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

39. The dead air that the Plaintiff may have experienced on the calls that she received is indicative of the use of an ATDS.  This "dead air" is commonplace with autodialing and/or predictive dialing equipment.  It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated.  Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.  The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them.  Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

5

40. As a result of Defendants' alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendants caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;
    b. Electronically intruding upon Plaintiff's seclusion;
    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and
    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendants' unwanted calls.

**COUNT I:**
**DEFENDANT ADT, LLC d/b/a ADT SECURITY SERVICES VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

41. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, DONNA IVERY, respectfully requests judgment be entered against Defendant, ADT, LLC d/b/a ADT SECURITY SERVICES for the following:

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C.

§ 227(b)(3)(C).

44. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

45. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT DEFENDERS, INC. d/b/a PROTECT YOUR HOME VIOLATED**
**THE TELEPHONE CONSUMER PROTECTION ACT**

46. Defendant's conduct violated the TCPA by:

  b.  Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, DONNA IVERY, respectfully requests judgment be entered against Defendant, DEFENDERS, INC. d/b/a PROTECT YOUR HOME for the following:

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  § 227(b)(3)(B).

48. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

50. Any other relief that this Honorable Court deems appropriate.


DATED:  February 6, 2019

RESPECTFULLY SUBMITTED,


By: /s/ Michael A. Siddons
         Michael A. Siddons
        Attorney for Plaintiff

# **<u>EXHIBIT A</u>**